

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

**KENNETH ALBERT PAMPELL,**
**Plaintiff,**

-vs-                                                             **Case No.  A-14-CA-953-SS**

**CAROLYN  COLVIN,  COMMISSIONER  OF**
**THE SOCIAL SECURITY ADMINISTRATION,**
**Defendant.**

---

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Kenneth Albert Pampell's Complaint [#1], Plaintiff Pampell's Opening Brief [#12], Defendant Commissioner of Social Security (the Commissioner)'s Opening Brief [#13], Plaintiff Pampell's Reply Brief [#14], the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#15], and the Social Security Transcript [#10] (Tr.). Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders, ACCEPTING the Report and Recommendation and REVERSING the decision of the Commissioner.

All matters in the case were referred to the Honorable Andrew W. Austin, United States Magistrate Judge, for report and recommendation (R&R) pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Magistrate Judge issued his R&R, finding the Commissioner's decision should be reversed. The



Commissioner, who has not filed any objections, is entitled to de novo review of the portions of the Magistrate Judge's report to which she filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

This is an appeal from a denial of social security disability benefits. On December 1, 2011, Plaintiff Pampell, a United States Air Force veteran who served during the Vietnam War, filed his application for disability insurance benefits alleging disability commencing on August 18, 2009, due to heart disease, diabetes mellitus and neuropathy in his feet and legs, and high blood pressure and cholesterol. After his application was denied initially and again on reconsideration, Pampell requested an administrative hearing. Pampell and his attorney, Phillip R. Lerway, attended the administrative hearing before Administrative Law Judge (ALJ) Gary L. Vanderhoof on May 16, 2013. On July 16, 2013, the ALJ issued a decision finding Pampell was not disabled under the Social Security Act. The Appeals Council denied Pampell's request for review on August 29, 2014. Pampell has exhausted his administrative remedies and now seeks judicial review of the administrative proceedings under 42 U.S.C. § 405(g).

## Analysis

### I.    Standard of Review

Judicial review of the ALJ's decision is limited. Specifically, this Court reviews: (1) whether the ALJ's decision was supported by substantial evidence; and (2) if so, whether the ALJ made any errors of law in evaluating the evidence. *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993).

Procedurally, the administrative process need not have been perfect, and this Court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Procedural errors are therefore a basis for remand only if they "would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988).

"Substantial evidence is evidence that a reasonable mind would accept as adequate to support the decision." *Id.* In making these determinations, the Court must "carefully scrutinize the record" to determine if there is substantial evidence to support the ALJ's conclusions, but the Court can neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court considers four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is able to engage in "substantial gainful activity" (and therefore if he is disabled), the Commissioner follows a five-step process:

1.  The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.      The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.      The hearing officer must then determine if the impairment equals or exceeds in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4.      If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5.      If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); 20 C.F.R. § 404.1520.

A finding of disability or no disability at any step is conclusive and terminates the analysis. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden of proof for the first four steps. *Selders*, 914 F.2d at 618. At step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Id.* If the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (internal quotation marks and citation omitted).

"Residual functional capacity" refers to the claimant's ability to do work despite any physical or mental impairments. 20 C.F.R. § 404.1545(a). The ALJ is responsible for assessing and determining residual functional capacity at the administrative hearing level. *Id.* § 404.1546. This assessment is based on reports from treating physicians and medical consultants about the claimant's

ability to sit, stand, walk, lift, carry, and perform other work-related activities.  *Id.* §§ 404.1513(b)(6), 414.1513(c)(1).

## II.    The ALJ's Opinion

As described by the Magistrate Judge, the ALJ employed the five-step sequential evaluation process to determine whether Pampell was disabled.  *See* 20 C.F.R. § 404.1520(a); Tr. 12–18.  At the first step, the ALJ determined Pampell had not engaged in substantial gainful activity since August 18, 2009.  At the second step, the ALJ found Pampell suffers from severe impairments, including ischematic heart disease, coronary artery disease, and diabetes mellitus.  At step three, the ALJ found Pampell's impairments, considered separately and in combination, did not meet or medically equal the severity criteria for any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and thus his impairments were not presumptively disabling.  The ALJ determined Pampell had the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c).  At step four, the ALJ determined Pampell was capable of performing his past relevant work as an electrician substation technician with a medium exertional level and a SVP of 8.  Accordingly, the ALJ found Pampell was not disabled as defined in the Social Security Act.

## III.    Application

Pampell argues the ALJ's conclusion he is not disabled is erroneous because the ALJ failed to: (1) consider any of the 20 C.F.R. § 404.1527 factors in evaluating the opinion of Pampell's treating physician; (2) properly consider the opinion of state agency medical consultant Dr. Kim Rowlands; and (3) properly assess his residual functional capacity.

## A.    The Treating Physician's Opinions

Pampell argues the ALJ failed to properly consider Dr. Teresa H. Kinsfather's opinion

evidence regarding Pampell's mental and physical restrictions. Dr. Kinsfather, who has been treating Pampell since January 2009, completed an August 13, 2012 "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)" and a "Depression & Anxiety Questionnaire" indicating Pampell experienced significant restrictions in his mental and physical abilities that would prevent him from working.  Tr. 380–85.  With regard to Pampell's physical limitations, Dr. Kinsfather opined that Pampell: could only stand or walk for less than two hours in an eight-hour work day; could only lift and carry ten pounds on an occasional basis and less than ten pounds on a frequent basis; would have to alternate sitting, standing, and walking every five-to-ten minutes; would have to lie down at unpredictable intervals during an eight-hour work day; and would be absent more than four days per month.  *Id.* 380–81.  Regarding his mental limitations, Dr. Kinsfather found Pampell had a full or partial depressive syndrome, including difficulty concentrating or thinking, decreased energy, sleep disturbances, moderate episodes of deterioration or decompensation in work settings, and suffered from PTSD due to his war experience in Vietnam.  *Id.* 382–84.  Dr. Kinsfather issued another opinion on March 12, 2013, noting Pampell experiences recurrent and intrusive recollections of his traumatic war experiences, which resulted in moderate difficulties in maintaining social functioning and mild deficiencies in concentration, persistence, and pace, and an "uncontrolled adjustment disorder."  *Id.* 408–10.  Dr. Kinsfather determined these limitations would preclude Pampell from performing any full-time work.

The ALJ, however, disagreed with Dr. Kinsfather's findings and stated the following:

> To the extent these forms purport to indicate that the claimant is permanently disabled, it must be discredited because the ultimate question of disability is reserved for the Commissioner.  Furthermore, the opinions that the claimant cannot be assigned even sedentary work is not credited because the opinion is not supported by the weight of the medical evidence.

> Accordingly, the opinions of the treating physician are only credible to the extent consistent with the residual functional capacity cited above and are given significant but not controlling weight.

*Id.* 17. These determinations by the ALJ were erroneous because the ALJ failed to consider the factors listed in 20 C.F.R. § 404.1527(c) before disregarding the treating doctor's conclusions. While the ALJ was not automatically required to give Dr. Kinsfather's opinions controlling weight with regard to Pampell's residual functional capacity, *see* 20 C.F.R. § 404.1527(c)(3), he failed to specifically reference the factors enumerated in 20 C.F.R. § 404.1527(c) when rejecting those opinions as required by *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000).

In *Newton*, the ALJ summarily rejected the opinions of the claimant's treating physician based on the testimony of a non-specialty medical expert who had not examined the claimant. In reversing, the Fifth Circuit held that "absent reliable medical from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton*, 209 F.3d at 453. While the *Newton* court cited 20 C.F.R. § 404.1527(d)(2), the current version lists those criteria in 20 C.F.R. § 404.1527(c). *Compare id.* at 456 (listing the criteria then set forth in 20 C.F.R. § 404.1527(d)(2)), *with* 20 C.F.R. § 404.1527(c). The criteria identified are: (1) the examining relationship; (2) the treatment relationship, including the length, nature, and extent of the treatment relationship, as well as the frequency of visits or examinations; (3) the supportability of the conclusions; (4) the consistency of the opinions; (5) whether the treating physician is a specialist; and (6) any factors which "tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c).

As in *Newton*, the ALJ here failed to evaluate any of the factors listed in 20 C.F.R. § 404.1527(c) before rejecting Dr. Kinsfather's opinions. In addition, the ALJ failed to rely on any contradictory medical evidence or alternate treating physician's opinions in rejecting Dr. Kinsfather's opinions. Instead, the ALJ merely relied on the testimony of the non-treating, non-examining medical expert, and in very conclusory language simply rejected the treating physician's findings. Because the ALJ failed to consider the factors listed in 20 C.F.R. § 404.1527(c), *Newton* requires the Court to remand the case back to the Commissioner for the ALJ to consider those factors.

## B.    Pampell's Lifting Limitations

As noted, the ALJ determined Pampell has the residual functional capacity to perform his past relevant work as an electrician substation technician, which is classified as medium work under 20 C.F.R. § 404.1567(c). The ALJ noted the "residual functional capacity conclusions reached by the physician employed by the State Disability Determination Services also supported a finding of 'not disabled.'" Tr. 17. The state medical consultant's residual functional capacity assessment, however, did not conclude Pampell could perform medium work. Rather, the consultant concluded Pampell was limited to lifting twenty pounds occasionally and ten pounds frequently, which are the limits for *light* work. *See* 20 C.F.R. § 404.1567(b). The ALJ fails to acknowledge this finding in his opinion, and that issue should be reviewed on remand as well.

## C.    The VA's Disability Determination

In addition to the errors described above requiring remand, the Magistrate Judge addressed an additional error not mentioned by Pampell that should be corrected on remand. The Court agrees with the Magistrate Judge. The record reflects the Department of Veterans Affairs (VA) has assessed Pampell as 100% disabled. Tr. 348–57. While a VA rating of total disability is not binding

on the Commissioner because the criteria applied by the two agencies is different, "it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). A VA disability determination is entitled to "great weight" in most cases, but the appropriate weight to be given to the determination "will vary depending upon the factual circumstances of each case." *Id.* at 522; *see also Loza v. Apfel*, 219 F.3d 378, 394–95 (5th Cir. 2000) (finding 100% VA disability rating not binding but entitled to "great weight" and should not be disregarded). "Thus, while an ALJ need not give 'great weight' to a VA disability determination, if he declines to do so, he must adequately explain the valid reasons for not doing so." *Albo v. Colvin*, No. 2:12-CV-0066, 2013 WL 5526584, at *7 (N.D. Tex. Sept. 30, 2013).

In the instant case, while the ALJ mentioned the VA disability rating in his opinion, that is all that he did such that he simply disregarded the rating without explaining in any detail why he did so. This is similar to the situation in *Rodriguez v. Schweiker*, 640 F.2d 682 (5th Cir. 1981), where the court found the "VA rating of 100% disability should have been more closely scrutinized by the ALJ." *Id.* at 686. The ALJ erred when it failed to fail to give great weight to the VA disability rating without adequately explaining his reasons for doing so.

## Conclusion

The Court agrees with the Magistrate Judge's conclusion that the ALJ's determination Pampell has the residual functional capacity to perform his past relevant work as an electrician substation technician is not supported by substantial evidence. As such, the Court REMANDS this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Court further instructs the ALJ on remand as follows: (1) if he continues to reject the conclusion of Pampell's treating physician, follow the dictates of 20 C.F.R. § 404.1527(c) in explaining that

decision; (2) if he chooses to give the VA 100% disability rating less than "great weight," explain in sufficient detail his reasons for that conclusion; (3) address the fact the State Disability Determination Services physician determined Pampell's lifting restriction limited him to light work or less; and (4) generally reconsider the conclusions reached regarding whether Pampell is disabled.

Accordingly,

IT IS ORDERED that the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#15] is ACCEPTED;

IT IS FURTHER ORDERED that Plaintiff Kenneth Albert Pampell's claims are GRANTED;

IT IS FURTHER ORDERED that the decision of the Commissioner of the Social Security Administration to deny benefits to Plaintiff Pampell is REVERSED and REMANDED for further proceedings;

IT IS FINALLY ORDERED that the Administrative Law Judge do as follows on remand: (1) if he continues to reject the conclusion of Pampell's treating physician, follow the dictates of 20 C.F.R. § 404.1527(c) in explaining that decision; (2) if he chooses to give the VA 100% disability rating less than "great weight," explain in sufficient detail his reasons for that conclusion; (3) address the fact the State Disability Determination Services physician determined Pampell's lifting restriction limited him to light work or less; and (4) generally reconsider the conclusions reached regarding whether Pampell is disabled.

SIGNED this the   31st   day of July 2015.


_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE